Present: All the Justices

HOWARD LEWIS VINCENT

v.   RECORD NO. 072539                          OPINION BY
                                        JUSTICE CYNTHIA D. KINSER
COMMONWEALTH OF VIRGINIA                      October 31, 2008

FROM THE COURT OF APPEALS OF VIRGNIA

Howard Lewis Vincent was convicted in a bench trial in the Circuit Court of the City of Alexandria of breaking and entering with the intent to commit larceny in violation of Code § 18.2-91.  The sole issue presented on appeal is whether the evidence was sufficient to prove beyond a reasonable doubt that Vincent had the intent to commit larceny when he broke into and entered a retail department store.  Because we conclude that the evidence was insufficient to prove that specific intent, we will reverse the judgment of the Court of Appeals of Virginia upholding Vincent's conviction.

At approximately 6:33 a.m. on June 9, 2005, a male intruder broke into and entered a then closed retail department store located in the City of Alexandria.  The store was equipped with a video camera surveillance system that recorded the intruder's entrance into the store.[1]  The intruder used a

_____

        [1] The Commonwealth introduced into evidence as one of its exhibits a compact disc containing video-recorded footage from the surveillance cameras.

metal pole to shatter the glass in one of the store's entrance doors. The metal pole was subsequently found inside the store.

When the manager arrived at the store approximately 30 minutes after the unlawful entry, he discovered the broken glass. No audible alarm was sounding at that time, but a police officer arrived soon thereafter in response to a call. The officer reviewed the surveillance cameras' video recording and searched the immediate vicinity for the person observed on the recording. The search was not productive. Later that day, however, Vincent was arrested for being intoxicated in public. The police subsequently recognized Vincent as the intruder seen on the store's video recording. The police searched him, but the search did not reveal any merchandise owned by the retail department store.

The positioning of the various surveillance cameras in the store did not allow the cameras to record all of Vincent's movements during the approximate four minutes that he remained in the store. The video-recorded footage did, however, show Vincent walking past cash registers without stopping and exiting the premises through the door with the broken glass. When he left the store, he was not carrying any of the store's merchandise, and there were no discernable bulges in his clothing to suggest that he was concealing merchandise. Finally, the footage revealed Vincent shoving a shopping cart.

The store manager testified that the store sells watches, jewelry, clothes, shoes, household goods, and other "small items which are very easy to conceal." Because of the large inventory, and because the last in-store inventory had been conducted approximately a year before the incident, the manager could not state whether Vincent had taken any items. The manager did affirmatively testify that no cash was missing from the store. He additionally testified that the shopping cart Vincent shoved went "almost through" a clothes rack and that the "merchandise was dispersed."

At trial, the Commonwealth argued, pursuant to this Court's decision in Ridley v. Commonwealth, 219 Va. 834, 252 S.E.2d 313 (1979), that, in the absence of evidence showing a contrary intent, an inference arises that an unlawful entry is made with the intent to commit larceny. The trial court "adopt[ed]" the inference and found Vincent guilty of breaking and entering with the intent to commit larceny.

On appeal to the Court of Appeals, Vincent argued that the trial court erred in utilizing that inference because there was evidence showing a contrary intent at the time of the unlawful entry, i.e, that Vincent intended only to damage the store's merchandise, not to steal it. The Court of Appeals initially reversed the conviction in an unpublished opinion, with one judge dissenting. Vincent v. Commonwealth, Record No. 2701-05-

3

4 (Jan. 23, 2007) (Haley, J., dissenting). Upon a rehearing en banc, the Court of Appeals affirmed the trial court's judgment and concluded that Vincent's hypothesis of innocence – specifically, that "his intent at the time he entered was to damage property, not to steal property" – was not reasonable because there was no evidence that any property in the store had been damaged. Vincent v. Commonwealth, Record No. 2701-05-4, slip op. at 5-6 (Nov. 20, 2007). Vincent now appeals to this Court.

On appeal, Vincent's sole assignment of error challenges the sufficiency of the evidence to prove that he had the intent to commit larceny when he broke into and entered the store.[2] Vincent argues, as he did in the trial court and in the Court of Appeals, that the circumstantial evidence proved only that he had the intent to vandalize or damage the store and its merchandise. Thus, according to Vincent, the permissible inference adopted by the trial court was inapplicable because there was evidence showing a contrary intent. Furthermore, Vincent argues that the inference cannot be used to relieve the Commonwealth of its duty to prove each element of the offense beyond a reasonable doubt.

---

[2] Vincent does not contest that he was the intruder seen on the video-recorded footage from the store's surveillance cameras.

Citing this Court's decision in Ridley, the Commonwealth contends that the trial court properly relied upon the permissible inference that Vincent's breaking into and entering the retail department store was with the intent to commit larceny because there was no evidence of a contrary intent. On oral argument, the Commonwealth, however, agreed that, without the benefit of the inference, the evidence was insufficient to prove beyond a reasonable doubt that Vincent had the intent to commit larceny.

In deciding the question before us, we review the evidence and all reasonable inferences flowing therefrom in the light most favorable to the Commonwealth as the prevailing party in the trial court. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). When a defendant on appeal challenges the sufficiency of the evidence to sustain a conviction, we must examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it. Code § 8.01-680; Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998).

The relevant provisions of Code § 18.2-91 state that a person is guilty of statutory burglary if that person breaks into and enters any building permanently affixed to realty with the intent to commit larceny. When a statute, such as Code

5

§ 18.2-91, "makes an offense consist of an act combined with a particular intent, such intent is as necessary to be proved as the act itself, and it is necessary for the intent to be established as a matter of fact before a conviction can be had." Dixon v. Commonwealth, 197 Va. 380, 382, 89 S.E.2d 344, 345 (1955); accord Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975). "Intent in fact is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be shown by a person's conduct or by his statements." Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974); accord Johnson v. Commonwealth, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968).

The trial court relied on the decision in Ridley and the permissible inference at issue when it found Vincent guilty. The defendant in Ridley, like Vincent, asserted that the evidence was insufficient to prove the specific intent to commit larceny when breaking into and entering a furniture store. 219 Va. at 835, 252 S.E.2d at 314. The defendant broke into the building by shattering a window with a large piece of cinder block and then entered through a large hole in the window. Id. at 835-36, 252 S.E.2d at 314. The police found the defendant in a corner of the building. Id. at 836, 252 S.E.2d at 314. The defendant, however, did not have any of

6

the store's merchandise in his possession when the police apprehended him, and there was no evidence that the defendant had tampered with or moved any merchandise. Id.

In addressing the defendant's challenge to the sufficiency of the evidence to prove his intent to commit larceny, we cited the principle that "when an unlawful entry is made into a dwelling of another, the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the surrounding facts and circumstances." Id. (citing Tompkins v. Commonwealth, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971)). Although the principle was originally utilized in conjunction with the burglary of a dwelling, we concluded that it was equally applicable to the breaking and entering of the storehouse at issue in Ridley. Id.

Consequently, we held that the evidence was sufficient to support the inference that the defendant's unauthorized presence in the furniture store was with the intent to commit larceny. Id. at 837, 252 S.E.2d at 315. The "surrounding facts and circumstances" supporting that inference included evidence that the defendant had broken into and entered a closed store containing items of personal property. The evidence also proved that, although the defendant did not have any of the store's merchandise in his possession when the

7

police apprehended him, he was still inside the furniture store at that point. Furthermore, there was no evidence either as to the length of time the defendant had been in the store or as to his movements or actions while he was in the building before the police found him.

That is the factual context in which we then stated: "In the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another in the nighttime was with the intent to commit larceny." Id. at 837, 252 S.E.2d at 314. However, in Velasquez v. Commonwealth, 276 Va. 326, 661 S.E.2d 454 (2008), this Court rejected the use of a jury instruction containing such an inference. There, the trial court granted a jury instruction with regard to a charge of breaking and entering with the intent to commit rape that read: "In the absence of evidence showing a contrary intent, you may infer that a defendant's unauthorized presence in a building of another was with the intent to commit rape." Id. at 328 n.1, 661 S.E.2d at 455 n.1. The Court held the instruction was an improper comment on the evidence and explained that, while specific intent may be inferred from the surrounding facts and circumstances of a burglary, the nature of that specific intent "is a matter for determination by the fact-finder alone, based upon the evidence. It is not the function of the court to

8

suggest to the jury what conclusion it should draw from the facts in evidence." Id. at 330, 661 S.E.2d at 456.

Thus, under a correct reading of Ridley, Tompkins, and Velasquez, a trier of fact may not reasonably infer the specific intent to commit larceny merely from the absence of evidence showing a different intent. Instead, as we stated in both Ridley and Tompkins, the specific intent with which an unlawful entry is made "may be inferred from the surrounding facts and circumstances." Ridley, 219 Va. at 836, 252 S.E.2d at 314; Tompkins, 212 Va. at 461, 184 S.E.2d at 768.

In the case before us, the evidence and the reasonable inferences flowing therefrom, viewed in the light most favorable to the Commonwealth, proved only that Vincent forcibly broke into and entered the retail department store by breaking the glass in an entrance door, that he walked around in the store for approximately four minutes, that he shoved a shopping cart into a rack of clothing, and that he exited the store without touching or tampering with cash registers and without removing any merchandise. In contrast to the defendant in Ridley, Vincent was not apprehended while he was in the store but, instead, several hours later after he had exited the store. At that time, the police did not find any of the store's merchandise on Vincent's person, and the store manager could not state whether any merchandise was even missing.

9

These facts and circumstances do not support the inference that Vincent had the specific intent to commit larceny.  As we have explained, such an intent may not reasonably be inferred merely from the absence of evidence of a different intent.  We agree with Vincent that, to hold otherwise, would relieve the Commonwealth of its burden to prove each element of the offense beyond a reasonable doubt.

For these reasons, we conclude that the evidence was not sufficient to prove beyond a reasonable doubt that Vincent had the specific intent to commit larceny when he unlawfully broke into and entered the retail department store.  The Court of Appeals thus erred by affirming the judgment of the trial court finding Vincent guilty of breaking and entering with the intent to commit larceny.  We will reverse the judgment of the Court of Appeals of Virginia and dismiss the indictment.

<u>Reversed and dismissed</u>.