COURT OF APPEALS OF VIRGINIA


Present:  Judges Kelsey, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


CORNELIUS LEON BAKER

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0324-11-2                JUDGE RUDOLPH BUMGARDNER, III
                                                    NOVEMBER 22, 2011
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                            Michael C. Allen, Judge

             T. Noel Brooks (Hairfield–Morton, PLC, on brief), for appellant.

             Donald E. Jeffrey, III, Senior Assistant Attorney General
             (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


        Cornelius Leon Baker appeals his convictions of two counts of breaking and entering, Code

§ 18.2-91, felony vandalism, Code § 18.2-137, and possession of burglarious tools, Code § 18.2-94.

He contends the trial court admitted evidence obtained during an illegal search and seizure and the

evidence was insufficient.  We conclude the trial court did not err and affirm.

        The defendant was a suspect in a series of burglaries of commercial buildings.  Henrico

County police were using an electronic monitoring device to follow the defendant.  They tracked his

vehicle to an office complex in Chesterfield County where Officer Austin Whitaker took up

surveillance of the vehicle at 8:30 p.m.  At 10:26 p.m., he observed a person matching the

defendant's description exit the building carrying a rectangular object that was covered with blue

material.  That person walked to the vehicle being watched, placed the object in the passenger

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

compartment, and drove away. Officer Whitaker alerted the other members of his unit, and Henrico Police Officer Eric Sensabaugh followed the vehicle into the City of Richmond.

Chesterfield County police arrived at the office park within minutes and examined the interior of the building. They found several doors pried open. After receiving a report of those findings, Richmond police stopped the vehicle, which the defendant was driving. Chesterfield Detective Daniel Bernaldo questioned the defendant. He denied being part of the cleaning crew or having any "business" at the office park. Detective Bernaldo placed the defendant under arrest and subsequently searched the vehicle. He found a green duffle bag containing a tire iron, work gloves, a flashlight, and loose change totaling $2.35.

The defendant contends the officers did not have probable cause to arrest him or to search his vehicle incident to the arrest. He claims that the trial court considered facts not in evidence and presumed that the electronic device placed on the defendant's car was a GPS device. He maintains the initial stop of the vehicle was an unreasonable seizure and the seizure was illegal because the City of Richmond officers who made the stop did not have firsthand knowledge of the facts that gave rise to the investigative detention. The defendant did not make any of these arguments to the trial court and advances them for the first time on appeal.

The trial judge carefully determined the precise basis for the defendant's motion to suppress. He asked whether the defendant was challenging the initial detention, as outlined in his written motion to suppress, or whether he also intended to challenge the arrest on probable cause grounds. The defendant specifically stated he was challenging the initial traffic stop and argued the police lacked reasonable articulable suspicion for the detention. He made no arguments that the police lacked probable cause to arrest and search the car incident to the arrest.

"The Court of Appeals will not consider . . . argument[s] on appeal which [were] not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488

(1998). See Rule 5A:18. That rule allows exceptions for good cause or to meet the ends of justice, but the defendant does not argue that we should invoke these exceptions, and the record does not reflect any reason to do so. We only address whether the police had reasonable articulable suspicion to conduct an investigative detention because Rule 5A:18 bars consideration of the issues raised for the first time on appeal.

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). While we are bound to review *de novo* the ultimate questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996) (footnote added).

In this case, Henrico police had determined the defendant was a suspect in a series of commercial burglaries. They tracked his vehicle to the Chesterfield office park at 8:30 p.m. when no business was being conducted in the offices. The person, who left the building at 10:30 p.m. carrying a concealed object, matched the defendant's description and got in the car known to be registered to him. Within minutes, an inspection of the building revealed evidence of forced entry of two offices.

"If a police officer has reasonable, articulable suspicion that a person is engaging in, or is about to engage in, criminal activity, the officer may detain the suspect to conduct a brief investigation without violating the person's Fourth Amendment protection against unreasonable searches and seizures." McGee, 25 Va. App. at 202, 487 S.E.2d at 263. In this case, the facts known to the officers at the time of the traffic stop were sufficient to justify the stop. They

constituted reasonable articulable facts of criminal activity. The trial court did not err by denying the motion to suppress.

The defendant argues that the evidence was insufficient to convict him of breaking and entering, vandalism, or possession of burglarious tools. "[W]e review the evidence and all reasonable inferences flowing therefrom in the light most favorable to the Commonwealth as the prevailing party in the trial court." Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139 (2008) (citation omitted).

The police found that the interior doors of two businesses had been pried open. The tire iron, found in the defendant's possession, had scuffmarks consistent with the damage done to the doors. An employee had left a dollar of loose change in his office just prior to leaving that evening. When he returned soon after the burglary, the change was missing. The defendant told police that he was not part of the cleaning crew and that he had no business at the office park.

"'In the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another in the nighttime was with the intent to commit larceny.'" Id. at 653-54, 668 S.E.2d at 140 (citation omitted). The defendant was present at the complex for an extended period of time at night after business hours. He left the building carrying a concealed object and placed it in his vehicle where a duffle bag was found containing a tire iron, work gloves, a flashlight, and loose change. The defendant denied having any business in the office complex. The totality of the circumstances permits a reasonable inference that the defendant broke and entered two businesses and intended to commit larceny when he did so.

The evidence was also sufficient to prove the defendant possessed burglarious tools. Doors of two offices were pried open, and the defendant placed an object in the passenger compartment of his car where the police found a duffle bag. Only the tire iron and the loose change were made exhibits, but testimony showed the duffle bag also contained a flashlight and work gloves.

> If the tools are found to be implements possessed for the purpose of committing burglaries or larcenies, even though the tools are also the type that can be used for a legitimate purpose, the statute creates a *prima facie* case or rebuttable presumption that the person possesses the tools with the intent to commit a burglary, robbery, or larceny.

Hagy v. Commonwealth, 35 Va. App. 152, 160, 543 S.E.2d 614, 618 (2001) (citation omitted).  The trial court reasonably concluded the tire iron was a burglarious tool possessed with the intent to commit larceny and burglary.  The evidence was sufficient to support the conviction for possession of burglarious tools.

Accordingly, we affirm all the convictions.

Affirmed.