COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia

UNPUBLISHED

DAQUAN LAJAMES SAUNDERS

MEMORANDUM OPINION[*] BY
v.        Record No. 1183-12-3        JUDGE ROBERT J. HUMPHREYS
                                      OCTOBER 8, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Joseph A. Sanzone (Sanzone & Baker, L.L.P., on brief), for
appellant.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Daquan Lajames Saunders ("Saunders") appeals his conviction by a jury in the trial court

of first-degree murder, in violation of Code § 18.2-32.  Saunders' single assignment of error is

that the trial court erred in failing to strike the first-degree murder charge because the evidence

was insufficient to prove premeditation to kill.  He argues that premeditation requires some time

for reflection, citing McDaniel v. Commonwealth, 77 Va. 281 (1883), and that he did not have

any specific plan to kill the victim.  For the following reasons, we affirm the trial court.

When the sufficiency of the evidence is challenged on appeal, we must "'examine the

evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong

or without evidence to support it.'"  Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733,

735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40

(2008)).

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Code § 18.2-32 provides in part that "[m]urder . . . by any willful, deliberate, and premeditated killing . . . is murder of the first degree, punishable as a Class 2 felony." "'To premeditate means to adopt a specific intent to kill, and that is what distinguishes first and second degree murder.'" Rhodes v. Commonwealth, 238 Va. 480, 485, 384 S.E.2d 95, 98 (1989) (quoting Smith v. Commonwealth, 220 Va. 696, 700, 261 S.E.2d 550, 553 (1980)). "'It is the will and purpose to kill, not necessarily the interval of time, which determine the grade of the offense.'" Id. (quoting Akers v. Commonwealth, 216 Va. 40, 48, 216 S.E.2d 28, 33 (1975)). "That intent 'may be formed only a moment before the fatal act is committed provided the accused had time to think and did intend to kill.'" Id. (quoting Giarratano v. Commonwealth, 220 Va. 1064, 1074, 266 S.E.2d 94, 100 (1980)); see also Green v. Commonwealth, 266 Va. 81, 104, 580 S.E.2d 834, 847 (2003) ("Premeditation is an intent to kill that needs to exist only for a moment."); Beavers v. Commonwealth, 245 Va. 268, 282, 427 S.E.2d 411, 421 (1993) ("Proof of premeditation . . . will be sufficient, even if the premeditation shown is only slight or momentary."). Whether a murder is willful, deliberate, and premeditated is an issue of fact to be resolved by the jury. Beavers, 245 Va. at 283, 427 S.E.2d at 421. The jury is not required to accept the defendant's self-serving statements that he did not mean to kill the victim. Id.

Further, "[p]remeditation and formation of an intent to kill seldom can be proved by direct evidence. A combination of circumstantial factors may be sufficient." Rhodes, 238 Va. at 486, 384 S.E.2d at 98. As an appellate court,

> we will affirm a conviction of premeditated murder, even though based upon wholly circumstantial evidence, whenever we can say that the reasonable import of such evidence, considered as a whole, is sufficient to show beyond a reasonable doubt that the accused was the criminal agent and that he acted with a premeditated intent to kill.

Id. at 487, 384 S.E.2d at 99.

Even if the victim offers resistance, the evidence can certainly be sufficient to prove premeditation. In Swann v. Commonwealth, 247 Va. 222, 236, 441 S.E.2d 195, 204-05 (1994), "[t]he evidence that Swann (1) armed himself before looking for a 'house to rob,' (2) entered [the victim's] house wearing a mask, and (3) aimed and fired the weapon at [the victim] when [the victim] charged at him, amply supports the verdict [of capital murder]."

In Barnes v. Commonwealth, 234 Va. 130, 136, 360 S.E.2d 196, 201 (1987), the Virginia Supreme Court held "as a matter of law, that one who, armed with a deadly weapon, approaches others intending to rob them, will not be heard to assert that he was provoked by the resistance of his victims to his criminal enterprise." The Court stated that the fact-finder was entitled to consider the circumstances that Barnes was masked and armed with a loaded revolver when he entered a store with the intent to commit robbery and that he fired shots killing two unarmed men who were offering resistance. Id.

> From these circumstances the trier of fact could well infer that Barnes intended to eliminate all resistance to his criminal enterprise by killing the victims, and perhaps also to eliminate witnesses by killing all present, until he fled the store in a panic. We hold that the evidence fully supports the trial court's finding that the killings were willful, deliberate, and premeditated.

Id.

In the present case, Saunders approached an acquaintance, Martique Holland, in the Woodside Village apartment complex in Danville. Saunders showed Holland his handgun and indicated that "something crazy" was going to happen that night, but he did not specify what that would be. Saunders told Holland he was going to "hit a lick."[1] Saunders then cased the parking lot of Woodside Village. He opened the door of a white Lincoln sedan and entered the car.

---

[1] According to the Urban Dictionary, "Hit-a-lick" is a slang phrase meaning to "Find a quick way (or job) to make money, usually illegal." Urban Dictionary, http://www.urbandictionary.com/define.php?term=hit+a+lick (last visited Oct. 1, 2013).

After he got out of the car, he checked the parking lot again to make sure no one was going to see him re-enter the car. A surveillance video, admitted into the trial evidence and observed by the jury, showed these movements by Saunders, as well as his subsequent shooting of the victim.

Shortly after 8:00 p.m., Cheryl Edmonds pulled into the Woodside Village parking lot and she and her boyfriend, Marcello Waddell, sat in her van talking. While they were sitting there, Edmonds noticed Saunders getting out of the white Lincoln sedan, which belonged to Waddell's cousin. The Lincoln sedan was parked in the same row as the van, about three spaces down. Upon exiting the vehicle, Saunders had a white bag in his hand and he began walking across a grassy area away from the car and the parking lot. At that point, Waddell opened the van door, stepped out, and yelled "Hey." Saunders turned around, pulled out a gun, and shot Waddell. Waddell fell on the pavement next to the van and died from the gunshot wound. Saunders took off running in the same direction he was initially walking. Saunders testified that Waddell yelled, "I'm going to get you," and that he thought Waddell grabbed his waist to get a gun.

The jury, which viewed the surveillance video that recorded the actual shooting, was entitled to consider that Saunders (1) armed himself; (2) indicated that he planned to use his gun based on his display of the gun and his behavior observed by Holland; (3) undertook a criminal enterprise by entering a car without the owner's consent and committing larceny; and (4) was obviously concerned about witnesses to his crime based on the amount of time he paced the parking lot near the Lincoln sedan. The jury was also entitled to disbelieve Saunders's testimony that he thought Waddell was reaching for a gun. As in Swann and Barnes, the fact that Saunders armed himself with a loaded gun while carrying out his planned criminal activity and then drew, aimed, and fired his gun at one who witnessed his crime supports the jury's determination that Saunders killed Waddell deliberately and with premeditation.

- 4 -

Accordingly, we affirm the judgment of the trial court because we find the evidence sufficient to support a finding that Saunders acted with premeditation when he killed Waddell.

<u>Affirmed.</u>