UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Petty and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

ANTONIO FREEMAN

MEMORANDUM OPINION[*] BY
v.      Record No. 1544-13-1      JUDGE WILLIAM G. PETTY
                                  JULY 22, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl E. Eason, Jr., Judge

Jean Veness, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Antonio Freeman was convicted of grand larceny in violation of Code § 18.2-95. On

appeal, Freeman argues that the evidence was insufficient to support his conviction because it

failed to prove he stole the property of another and that the value of the stolen property was over

two-hundred dollars. For the reasons stated below, we affirm Freeman's conviction.

I.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

On August 20, 2012, Anthony Kelly, a Walmart loss prevention associate, noticed an

unattended shopping cart filled with merchandise in the men's department. Kelly inspected the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

shopping cart and found that it contained DVDs that were placed between three layers of clothing.  There were approximately fourteen to twenty DVDs of the movie "Hunger Games," each of which sold for $19.96 each.

Kelly watched the shopping cart because he suspected that someone was going to attempt to steal the DVDs.  Freeman approached the cart, produced a plastic Walmart bag, removed the DVDs from the cart, and placed them into the bag.  Freeman walked to the store exit with the bag of DVDs.  Kelly left the store through a different exit, losing direct eye sight of Freeman for approximately twenty seconds.  Kelly then observed Freeman exit the store with the bag of DVDs, enter a car in the parking lot, and leave.  Kelly re-entered the store, checked the shopping cart, and discovered that all the DVDs had been removed.  Kelly then went to the electronics department where the DVDs were sold and conducted an "on-hand count."  From this he was able to determine "without a shadow of doubt" that 14 DVDs were missing.  Freeman was subsequently convicted of grand larceny in violation of  Code § 18.2-95.  Freeman appeals his conviction to this Court.

II.

Freeman challenges the sufficiency of the evidence; therefore, we must "'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'"  Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)).  We review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  "Furthermore, we 'accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'"  Brooks v. Commonwealth, 282 Va. 90, 95, 712

S.E.2d 464, 466 (2011) (quoting Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 923 (2008)).

Code § 18.2-95 provides that "[a]ny person who . . . commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ." See Britt v. Commonwealth, 276 Va. 569, 574, 667 S.E.2d 763, 765 (2008). "'Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount.'" Knight v. Commonwealth, 225 Va. 85, 88, 300 S.E.2d 600, 601 (1983) (quoting Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954)).

Freeman argues the evidence was insufficient to prove he stole the merchandise or that its value exceeded two-hundred dollars. However, ample circumstantial evidence proves that Freeman stole the merchandise and its value exceeded two-hundred dollars.

"Circumstantial evidence . . . is evidence of facts or circumstances not in issue from which facts or circumstances in issue may be inferred." Byers v. Commonwealth, 23 Va. App. 146, 151, 474 S.E.2d 852, 854 (1996) (citation omitted). "'Circumstantial evidence [presented during the course of the trial] is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Salcedo v. Commonwealth, 58 Va. App. 525, 535, 712 S.E.2d 8, 12 (2011) (quoting Holloway v. Commonwealth, 57 Va. App. 658, 665, 705 S.E.2d 510, 513 (2011) (en banc)). Moreover, "[c]ircumstantial evidence is as acceptable to prove guilt as direct evidence." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980).

At trial, Kelly estimated that twenty DVDs were in the shopping cart at the time that he checked it; however, he further testified that a count of the number of DVDs that were missing

- 3 -

was conducted and that he "knew without a shadow of doubt" the shopping cart contained at least fourteen DVDs. He further explained that the DVDs were Blu-ray versions of the "Hunger Games" movie and that each one sold for $19.96. Thus, the evidence was sufficient to establish that fourteen DVDs valued at $19.96 were taken from the shopping cart. This meets the two-hundred dollar threshold for grand larceny. Therefore, we reject Freeman's argument that the value of the merchandise was not proven.

Freeman further argues that the evidence fails to prove that he stole the DVDs because Kelly lost sight of him briefly during the time the two men left the store through different exits. Kelly testified that he lost sight of Freeman for "twenty seconds" when he exited the store through the garden center. Freeman argues that during this twenty-second period when he was not seen he "may have gone through a check out and paid for the items that Kelly claims [he] had." However, Kelly testified that Freeman never went through any points of sale and never purchased anything on that date. Furthermore, based on the short period of time that Freeman was out of Kelly's sight, it is quite reasonable to conclude, as the trial court did, that Freeman did not have time to pay for the DVDs before he left the store. Finally, the fact that the DVDs had been concealed under clothing in the shopping cart and that Freeman removed them and put them in a Walmart bag that he had apparently brought with him was evidence that he intended to steal the merchandise. Therefore, we reject Freeman's argument that the evidence was insufficient to prove that he stole the DVDs.

### III.

For the foregoing reasons, we affirm Freeman's conviction.

Affirmed.