COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and Decker
Argued at Richmond, Virginia

ANTONIO O'KEEFE SHELTON

v.     Record No. 2194-13-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
MARCH 10, 2015

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Dorian Dalton, Senior Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Antonio O'Keefe Shelton was convicted after a bench trial of carrying a concealed

weapon, in violation of Code § 18.2-308.  On appeal, Shelton argues that the trial court erred in

finding sufficient evidence to convict him of carrying a concealed weapon where the

Commonwealth failed to prove the weapon was hidden from common observation.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

II.

Shelton challenges the sufficiency of the evidence; therefore, we must "'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, we must ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson, 443 U.S. at 319). "Furthermore, we 'accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" Brooks v. Commonwealth, 282 Va. 90, 95, 712 S.E.2d 464, 466 (2011) (quoting Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 923 (2008)).

Moreover, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "The fact finder need not believe the accused's explanation and may infer that he is trying to conceal his guilt." Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981). "'A defendant's false statements are probative to show he is trying to conceal his guilt, and thus [are] evidence of his guilt.'" Taylor v. Commonwealth, 61 Va. App. 13, 31, 733 S.E.2d 129, 138 (2012) (quoting Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991)).

Viewed in the light most favorable to the Commonwealth, the evidence at trial showed that Officer Thomas Gilbert, of the Richmond Police Department, was riding a motorcycle in an alley while on patrol. Behind him were Officers Harry Fitzpatrick and John Rotondi, who were also on motorcycles. Officer Gilbert testified that he was looking for Shelton in connection with a shooting that had occurred in that area three nights before. Officer Gilbert saw Shelton enter the alley when he was approximately thirty-seven feet from Shelton. Officer Gilbert testified that while Shelton was walking down the alley he could see both of Shelton's hands, and both hands were empty. Officer Gilbert testified that "basically the only time [Shelton] got out of [Officer Gilbert's] sight was as [Shelton] made that left at the end of the alley right there behind the pole and the two trees right there." When Officer Gilbert reached the end of the alley, he saw the handgun in Shelton's left hand. This was the first time he saw a firearm.

Shelton testified that he carried the firearm in his right hand while walking in the alley. The Commonwealth then called Officer Fitzpatrick and Officer Rotondi as rebuttal witnesses. Officer Fitzpatrick testified that while he was in the alley he could see both of Shelton's hands and there was no object in either hand. Officer Rotondi was riding with Officer Gilbert and Officer Fitzpatrick in the alley. He testified that Shelton "didn't have anything in either hand." He testified that Shelton "was walking normal as someone would swinging their arms." None of the officers saw Shelton make any motion to retrieve the gun from any location. Shelton's explanation was that he was carrying the firearm in his hand the entire time. Nevertheless, each of the three officers testified that he could see both of Shelton's hands while Shelton was walking in the alley, and both the hands were empty.

Simply put, either Shelton was being deceitful in his testimony that the gun was in his hand the entire time or the officers were incorrect in their testimony that it wasn't. The trial court chose to believe the officers and discredit the testimony of Shelton.

It is the quintessential task of the fact finder to weigh contradictory evidence, factoring in the credibility of the witnesses, and determine what the facts were. Based on Officer Gilbert's testimony that he was looking for Shelton in connection with a shooting, the court could infer that the officers would pay particular attention to whether Shelton had a gun in his hand. The court credited the testimony of Officer Rotondi that Shelton was "walking normally swinging in his hands, both hands, and there was no gun in either one." Thus, the court found as fact that Shelton's hands were empty when he was walking down the alley. Although such a finding does not necessarily mean that the gun was concealed, it does necessarily mean that the court found Shelton's testimony, that he was carrying the gun in his hand, to be a lie. The trial court was fully within its discretion when it found Shelton's testimony not credible, and thus it "was at liberty to discount [Shelton's] self-serving statements as little more than lying to 'conceal his guilt,' and could treat such prevarications as 'affirmative evidence of guilt.'" Armstead v. Commonwealth, 56 Va. App. 569, 581, 695 S.E.2d 561, 567 (2010) (quoting Coleman v. Commonwealth, 52 Va. App. 19, 25, 660 S.E.2d 687, 690 (2008)).

We are bound by the court's factual finding and will not reverse it on appeal because there is evidence to support the fact. Here, Officer Rotondi's testimony was sufficient evidence for the court to find that Shelton's hands were empty. Having so found, the court could infer that Shelton's lied about the weapon being in his hand in order to conceal the fact that it was actually hidden elsewhere on his person. We will, therefore, not disturb the court's conclusion on appeal.

III.

Because there was sufficient evidence to support the court's findings and its subsequent inferences, we will not disturb them. Consequently, we affirm Shelton's conviction.

Affirmed.

- 4 -