UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges McCullough, Chafin and Russell
Argued at Richmond, Virginia


CHRISTOPHER DWAYNE NELSON

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0227-15-2                      JUDGE WESLEY G. RUSSELL, JR.
                                                          DECEMBER 22, 2015
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Beverly W. Snukals, Judge

              Dorian Dalton, Senior Assistant Public Defender, for appellant.

              Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
              Attorney General, on brief), for appellee.


        The Circuit Court of the City of Richmond convicted appellant, Christopher Dwayne

Nelson, of felony failure to appear in violation of Code § 19.2-128(B).  On appeal, appellant argues

the evidence was insufficient to support his conviction because the Commonwealth failed to present

evidence that appellant had notice to be in court on April 15, 2014.  Disagreeing with appellant, we

affirm his conviction.

                                     BACKGROUND

        On February 12, 2014, the defendant, while in custody on four felony charges, appeared

before the trial court with counsel.  The court set a trial date on the underlying felony charges for

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

April 15, 2014, at 1:00 p.m.[1]  The trial court recognized appellant in the amount of $5,000 and remanded him to custody pending his release on bond for his "appearance on the next court date."[2]

Appellant did not appear for trial on April 15, 2014.  A note in the trial court's file indicated that it had received a communication from appellant at 12:57 p.m. on April 15 that appellant was "running late."  The notation further indicated that the trial court waited until 3:05 p.m. for appellant to appear, but appellant never arrived.  As a result, the trial court then issued a capias for appellant's arrest for failure to appear.

On November 12, 2014, appellant was tried on the failure to appear charge.  Without objection, the prosecutor asked that the trial court take judicial notice that appellant was not in court on April 15, 2014.  The trial court then stated, "Then it looks like my note is that we received a note from the defendant he's running late.  We waited until 3:00 and he did not show, so I revoked bond and I assume I issued a capias at that time."  Appellant moved to strike the evidence, arguing that the Commonwealth failed to prove that appellant knew he was required to be in court on that day. In denying the motion to strike the charge of failing to appear, the trial court stated, "I am going to take judicial notice of everything that I read without objection from defense and find there is sufficient evidence to go forward on that charge."  Appellant presented no evidence and renewed his motion to strike, arguing again that the evidence did not prove appellant had notice that he was due in court on April 15.

---

[1] Ultimately, the underlying felonies were dismissed when the trial court found the evidence insufficient to support convicting appellant of the charged offenses.

[2] The order detailing the facts of appellant's February 12, 2014 arraignment was entered on February 19, 2014.  Although a part of the appellate record, the February 19, 2014 order was neither admitted into evidence at appellant's trial for failure to appear nor judicially noticed by the trial court.  Accordingly, these references to its contents, including the fact that appellant was present in court when the April 15, 2014 trial date was set, are for context only and do not provide an evidentiary basis for sustaining his conviction.

ANALYSIS

Code § 19.2-128(B) provides that "[a]ny person (i) charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." "'Willfully,' as used in Code § 19.2-128(B), has the customary meaning that the act must have been done 'purposely, intentionally, or designedly.'" Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993) (*en banc*). "Any failure to appear after notice of the appearance date is *prima facie* evidence that such failure to appear is willful." Williams v. Commonwealth, 57 Va. App. 750, 763, 706 S.E.2d 530, 536 (2011) (quoting Hunter, 15 Va. App. at 721, 427 S.E.2d at 200). As a result, "[w]hen the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful." Hunter, 15 Va. App at 721, 427 S.E.2d at 200.

In attacking the sufficiency of the evidence, appellant does not challenge that the Commonwealth proved that he was not present in court on April 15 or that he was scheduled to appear on that day. Rather, appellant contends that the evidence considered by the trial court was insufficient to establish that he had notice that he was supposed to appear on that date, and therefore, the Commonwealth failed to establish that his failure to appear was willful. Thus, the sole question raised by this appeal is whether there was sufficient evidence before the trial court to allow it reasonably to conclude that appellant had notice of the April 15 trial date when he failed to appear.

When the sufficiency of the evidence is challenged on appeal, we must "examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it." Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40

(2008)). We review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This means the trial court's decision cannot be overturned on appeal unless no "rational trier of fact" could have come to the conclusion it did. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319); Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*) ("We let the decision stand unless we conclude no rational juror could have reached that decision."), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson, 443 U.S. at 318-19). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added).

This deferential appellate standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (internal quotation marks omitted). "Thus, a fact finder may 'draw reasonable inferences from basic facts to ultimate facts,'" Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004)), "unless doing so would push 'into the realm of *non sequitur*,'" id. (quoting Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006)). Furthermore, "[t]here is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence." Muhammad v. Commonwealth, 269 Va. 451, 479, 619

- 4 -

S.E.2d 16, 31-32 (2005), <u>cert</u>. <u>denied</u>, 547 U.S. 1136 (2006). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." <u>Id.</u> (citation omitted).

The only evidence before the trial court concerning whether appellant had notice of the April 15 trial date was the note in the trial court's file, of which the trial court expressly took judicial notice.[3] Once the trial court took judicial notice of the note, its contents could be "taken as true without the offering of evidence by the party who should ordinarily have done so." <u>Williams v. Commonwealth</u>, 190 Va. 280, 292, 56 S.E.2d 537, 542 (1949) (internal quotation marks and citation omitted). Appellant remained able to dispute the contents of the note, <u>id.</u>, but chose not to do so. Accordingly, if the contents of the note permit a reasonable trier of fact to conclude appellant had notice of the April 15 trial date, there was sufficient evidence to support his conviction.

The contents of the note indicate that appellant contacted the trial court minutes before the April 15 trial was set to commence and informed the trial court that he was "running late." The message is at least a tacit acknowledgement by appellant that he was aware that his trial was scheduled for 1:00 p.m. on April 15. It is hard to imagine a scenario where appellant would contact the court with such a message if he were unaware that he was late for his court appearance. Certainly, based on appellant's communication, it was not unreasonable for the trial court to conclude that he had notice of the trial date.

_____

[3] Judicial notice is governed by Rule 2:201 of the Virginia Rules of Evidence; however, appellant has not challenged the trial court's decision to take judicial notice of the note in its file or the procedure by which the trial court took such notice. Accordingly, we offer no opinion as to whether the note was appropriately the subject of judicial notice.

Accordingly, the evidence was sufficient to establish that his failure to appear was willful in violation of Code § 19.2-128(B), and thus, we affirm the decision of the trial court.

CONCLUSION

Based on the evidence presented, the trial court reasonably could conclude beyond a reasonable doubt that appellant willfully failed to appear for his April 15 trial. Accordingly, we affirm his conviction for failure to appear in violation of Code § 19.2-128(B).

<u>Affirmed.</u>