COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McCullough and Senior Judge Haley
Argued at Fredericksburg, Virginia


TONY GARCIA, A/K/A
  EDDY ALVAREZ, S/K/A
  EDDY S. ALVAREZ
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2003-14-4                        JUDGE STEPHEN R. McCULLOUGH
                                                    MARCH 1, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

Lauren Whitley, Senior Assistant Public Defender (Benjamin
Danisek, Senior Assistant Public Defender, on briefs), for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Tony Garcia appeals his conviction for willfully failing to appear, in violation of Code

§ 19.2-128(B). He challenges the admissibility of a bond recognizance form and argues that the

evidence against him was insufficient as a matter of law. For the reasons noted below, we disagree

and affirm.

BACKGROUND

Garcia's trial for failure to appear took place on June 11, 2014, roughly nine years after the

underlying proceeding. Officer Mario Colorado, formerly of the Herndon Police Department,

testified that Garcia was charged with a felony. Officer Colorado recalled that he came to court

"sometime in July of 2005," but he could not recall the precise date and he was unsure whether the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

hearing was in the juvenile and domestic relations district court, commonly known as the J & DR court, or in general district court. Officer Colorado testified that Garcia did not appear at that time.

Claudia Velasquez said that she received a notice about a court date in connection with the underlying case, and she testified that it was for July of 2005. She recalled that the case was called at some point in the juvenile court courtroom, but that she did not see the defendant in the courtroom or in the courthouse that day. Velasquez testified that Garcia called her after the court date and told her "he had fled the country."

Following the close of the prosecution's case, the Commonwealth moved to have two forms admitted into evidence: an arrest warrant and a bond recognizance form. As relevant here, Garcia objected to the admission of the bond recognizance form on the ground that "[t]here's nobody here to lay . . . the proper foundation for the authentication of that document." He contended that authentication failed due to the absence of testimony of "Mr. Garcia ever being provided this document. There's been no documentation or foundation laid that Mr. Garcia signed it. There's no foundation laid that he has ever seen it or was provided a copy. There's nothing on this document that lays a proper foundation for its admissibility into evidence." And because of these deficiencies in laying a foundation, counsel argued, the document lacked relevance. The court overruled the objections, finding the document relevant and properly authenticated as a judicial record.

The bond recognizance form lists a "hearing date & time" of July 1, 2005 in "Fairfax J & DR," and it lists the court's address and the case number. The form contains a handwritten signature of "Tony Garcia" and a handwritten date next to it of "5-16-2005." It also lists an address for Garcia with a specific street number that matches the address listed on the warrant. The case number on the recognizance form matches the case number on the arrest warrant, case number JA336407-01-01. Immediately above the signature, the following language appears:

"**I, THE DEFENDANT, UNDERSTAND THAT**: . . . failure to appear is a separate crime." (capitalization and bold type in original). Above this the following language also appears on the form: "**I, THE DEFENDANT** as a condition of my release from custody, by signing this form, promise to appear in court on the date and time noted above." (capitalization and bold type in original).

The arrest warrant lists the name Tony Garcia and contains a birthdate, an address, and descriptive information such as his race, sex, height, weight, eye color, and hair color. The warrant notes that there was a "hearing date/time" of May 16, 2005, the same date that the "Tony Garcia" signature appears on the bond recognizance form. It contains the notation "p/h 7/1/05" presumably for a preliminary hearing. The arrest warrant contains the handwritten notation "7-1-05 D [defendant] failed to appear; issued capias FTA [failure to appear] and bond forfeiture."

The court overruled both motions to strike, and the jury convicted Garcia and sentenced him to serve three years in prison.

ANALYSIS

Garcia assigns four errors. The first two are devoted to attacking the admissibility of the bond recognizance document. He contends that the document lacked a proper evidentiary foundation and that it was irrelevant. He further argues that the evidence was insufficient because it did not establish that he received actual notice of his hearing date and because the Commonwealth failed to prove that he was absent on the day in question.

I. THE BOND RECOGNIZANCE DOCUMENT WAS RELEVANT AND ADMISSIBLE.

"Generally, when a specific objection is made to evidence or when inquiry is made by the trial judge concerning the purpose of evidence, the proponent of the evidence has the burden of establishing its admissibility." Neal v. Commonwealth, 15 Va. App. 416, 420, 425 S.E.2d 521,

523 (1992). Rule 2:901 of the Virginia Rules of Evidence provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the thing in question is what its proponent claims." For evidence to be relevant, it must have a "logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). A trial court's decision to admit evidence is reviewed for abuse of discretion. Juniper v. Commonwealth, 271 Va. 362, 412, 626 S.E.2d 383, 415 (2006).

Garcia was charged with failing to appear on July 1, 2005. The bond recognizance document, which bears a signature of "Tony Garcia," provides that his "hearing date & time" was July 1, 2005. It bears the same case number, JA336407-01-01, as the case number listed on the arrest warrant, and it bears the same address. Officer Colorado identified Garcia at trial as the same man from the 2005 arrest and investigation. Plainly, the bond recognizance form was relevant to establish that Garcia was made aware that his hearing was July 1, 2005, at the Fairfax County J & DR court.

On appeal, Garcia does not challenge the authentication of the bond form, but he complains that "no evidence or testimony was elicited regarding this exhibit at all" and that "this exhibit was simply offered into evidence by the Commonwealth as a judicial or official record with no attempt to establish the significance with respect to any fact in issue at trial." He argues that

> (1) no witness testified that Mr. Garcia had signed the recognizance form, (2) no witness testified that the signature on the form was consistent with Mr. Garcia's or belonged to Mr. Garcia, (3) no witness testified that they had presented the recognizance form to Mr. Garcia, (4) no witness testified as to the significance of these specific forms to this particular case or as to what such bond recognizance documents were used for generally in any given criminal case, and (5) no evidence was introduced establishing that Mr. Garcia was ever shown the original documents or provided with a copy of the recognizance paperwork.

- 4 -

In addition, he states that

> the Commonwealth had not established that anyone associated with the case, whether it was Mr. Garcia, the investigating law enforcement officer, court staff, jail staff, or anyone else who could possibly have had the paperwork pass through their hands had actually ever seen, touched it, read it, or had any meaningful contact with it.

The answer to this litany of objections is, first, the exhibit was indisputably properly certified and authenticated as a judicial record under Code § 8.01-389. Second, the Commonwealth explained why it was relevant. Indeed, its relevance is obvious. The court properly moved the exhibit into evidence, and the parties could argue what weight or significance the jury should give to it. Garcia points to no authority supporting the proposition that a relevant and properly authenticated documentary exhibit must be the subject of additional *testimony* (as opposed to argument) regarding its significance. Furthermore, no one piece of evidence need be dispositive. An exhibit should not be excluded simply because its significance is apparent only in conjunction with other evidence.

Garcia seeks to analogize the facts in this case to Smallwood v. Commonwealth, 36 Va. App. 483, 553 S.E.2d 140 (2001). In that case, the defendant was charged with murdering his wife. Id. at 485, 553 S.E.2d at 141. To establish a motive for the killing, the Commonwealth sought to introduce evidence that the victim had filled out a form requesting a change of beneficiary for her life insurance policy. Id. at 486-87, 553 S.E.2d at 142. The change would have made the defendant the beneficiary. Id. This Court reasoned that for such evidence to be relevant, there must be some evidence that the defendant was aware of the life insurance policy; otherwise, it did not support a motive to murder. Id. at 494, 553 S.E.2d at 145. We rejected the Commonwealth's argument that knowledge of the policy could be imputed to the defendant because he and the victim were married. Id. at 495, 553 S.E.2d at 145-46. In the absence of

evidence that the defendant probably knew about the policy, we held that the evidence concerning the policy should have been excluded.  Id. at 494-96, 553 S.E.2d at 145-46.

Smallwood is readily distinguishable.  In Smallwood, there was no evidence that the defendant was aware that his wife had a life insurance policy.  Here, the form at issue bears the signature "Tony Garcia" and a court date, time, and location.  If Garcia was the one who signed this form, and he then failed to appear on the appointed date, the jury could conclude from his absence that the failure to appear was willful.  The question then becomes whether this signature was from the defendant in this case or some impostor.  The arrest warrant contains a description of the defendant.  The jury would have had the opportunity to observe him in the courtroom.  Officer Colorado testified that the man in the courtroom, the defendant, was the same man he investigated and arrested.  The arrest warrant, in conjunction with the bond recognizance form, and the corroborating testimony, permitted the jury to draw an inference that it was the defendant who signed the form and not some mysterious stranger and, further, that when he failed to appear on the date listed on the form, his failure to appear was willful.  The form was relevant and admissible.  Accordingly, we find no error.

II. THE EVIDENCE WAS SUFFICIENT TO ESTABLISH GARCIA'S WILLFUL FAILURE TO APPEAR.

When the sufficiency of the evidence is challenged on appeal, we "must examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it."  Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)).  We review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  This means the trial court's decision cannot be overturned on appeal

unless no "rational trier of fact" could have come to the conclusion it did. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319); see also Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*) ("We let the decision stand unless we conclude no rational juror could have reached that decision."), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson, 443 U.S. at 318-19). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added).

This deferential appellate standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003)). "Thus, a factfinder may 'draw reasonable inferences from basic facts to ultimate facts,'" Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004)), "unless doing so would push 'into the realm of *non sequitur*,'" id. (quoting Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006)). Furthermore, "[t]here is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence." Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 31 (2005). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Id. at 479, 619 S.E.2d at 32.

We conclude the evidence was sufficient to establish that Garcia willfully failed to appear. Code § 19.2-128(B) provides in relevant part that "[a]ny person . . . charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." "'Willfully,' as used in Code § 19.2-128(B), has the customary meaning that the act must have been done 'purposely, intentionally, or designedly.'" Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993) (*en banc*). "When the [Commonwealth] proves that an accused received timely notice of when and where to appear . . . and thereafter does not appear on the date or [at the] place specified, the fact finder may infer that the failure to appear was willful." Id.

The arrest warrant, the admissibility of which Garcia does not challenge, establishes that Tony Garcia, an individual with a specific address, date of birth, and meeting a certain description, in case number JA336407-01-01, had a hearing on May 16, 2005. In turn, the bond recognizance form establishes that on May 16, 2005, "Tony Garcia," in case number JA336407-01-01, was released from custody on a recognizance bond and the form bears the signature "Tony Garcia." Officer Colorado identified Garcia at trial as the person he investigated and arrested. From this evidence, the factfinder could draw a reasonable inference that it was the defendant, Tony Garcia, and not some unknown impostor, who signed the form. This inference supports the conclusion that the defendant was on notice that the court hearing was scheduled for July 1, 2005 at 10:00 a.m. In addition, the arrest warrant also notes that on July 1, 2005, at 10:25 a.m., the defendant failed to appear and that the court issued a capias for failure to appear and forfeited his bond.

The testimony from Officer Colorado and Claudia Velasquez further corroborated what the records indicated. Although their testimony was not precise as to the date, it indicated that they were present for a court hearing in Fairfax in July of 2005 and Garcia did not appear. Velasquez's

recollections concerning the time (that the case was called in the morning), and the courtroom (that it was a juvenile courtroom), operate in conjunction with the date indicated on the judicial records. Velasquez also testified that Garcia called her after the court date and told her "he had fled the country." This flight constitutes further corroboration that Garcia was aware of court proceedings and chose to flee rather than present himself in court. All of this evidence together allowed the jury to draw an inference that Garcia was aware of his court date, because it was he who signed the form informing him of the court date and the need to appear on that date, and that he willfully chose not to appear on that date.

Garcia argues that the absence of testimony that he signed the form is fatal to the Commonwealth's case. "The authenticity of [a] signature on the documents [can] be shown by direct or circumstantial evidence." Bain v. Commonwealth, 215 Va. 89, 91, 205 S.E.2d 641, 643 (1974). His handwritten "Tony Garcia" signature does not appear in isolation. The signature, combined with the information on the arrest warrant, and Officer Colorado's identification of Garcia at trial as the man he investigated and arrested in connection with the underlying charged crime, permits an inference from the factfinder that it was indeed Garcia who signed the form and not some mysterious interloper.

Garcia argues that there is no evidence that the person who signed the form is fluent in English and understood the language on the form. However, if the jury could properly conclude that he was the individual who signed the form, and his trial was being conducted in English, without the benefit of translation, then the same Tony Garcia who understood the trial proceedings in English could also understand the simple language on the form.

Garcia also posits that he might have pre-signed the form, and the date and time of the hearing would have been filled out later. The jury was certainly not required to accept such an implausible contention. The entire point of the form and the warnings on the form is to compel the

defendant's appearance at a court hearing.  We ask our juries to rely on their common sense to draw reasonable inferences from the evidence.  The jury was not required to believe that the judiciary would operate in such an improbably self-defeating manner.  In short, this is not a reasonable hypothesis of innocence.

## CONCLUSION

We affirm the judgment below.

<u>Affirmed.</u>