Present:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Lacy and Koontz, S.JJ.

COMMONWEALTH OF VIRGINIA

v.  Record No. 101933

DAVID ELWOOD McNEAL, SR.

OPINION BY
CHIEF JUSTICE CYNTHIA D. KINSER
JUNE 9, 2011

FROM THE COURT OF APPEALS OF VIRGINIA

David Elwood McNeal, Sr., was convicted in a bench trial in the Circuit Court of Augusta County for failing to return rented personal property valued at more than $200 within ten days after expiration of the rental period in violation of Code § 18.2-118. In this appeal, the Commonwealth challenges the Court of Appeals' judgment holding that there was insufficient evidence as a matter of law to sustain the conviction.  Because the Court of Appeals erred in finding that contradictory testimony rendered the evidence insufficient to support the conviction, we will reverse its judgment.

MATERIAL FACTS AND PROCEEDINGS

At trial, the Commonwealth offered the testimony of one witness, Wenda Workman, the store manager of a rental business known as "Central Virginia Rental."  When asked whether she "encounter[ed]" McNeal "on or about September 18, 2008," she responded affirmatively, explaining that McNeal came into the store and rented a 10-foot aluminum brake along with an extra handle and a stand for a period of one week.  According to

Workman, the aluminum brake, which is a device used by construction contractors to bend aluminum, was valued at approximately $2,500.

Workman testified that McNeal did not return the brake after the one-week rental period ended and that she was unable "to get ahold of [McNeal]" via mail. After "a couple of months" elapsed, she contacted the Augusta County Sheriff's Office regarding McNeal's failure to return the rented equipment. The parties stipulated that a deputy with the sheriff's office would testify that he recovered the aluminum brake and extra handle from the residence of McNeal's sister on September 19, 2008, and returned those items to the rental store. Workman testified that the total rental charge for the time during which McNeal had the equipment was $1,518.98, which sum included $300 for the replacement of the stand that was not recovered.

When asked on cross-examination to confirm that the deputy returned the brake and handle to the rental store on September 19, 2008, Workman testified that "it was in September," but that she did not "know the exact date." Workman confirmed again on redirect examination that the equipment had not been returned for "two to three months" prior to the deputy's recovering part of it. Workman explained that she did not "know [her] dates" at trial because her "papers [were] at the store."

2

At the close of the Commonwealth's evidence, McNeal moved to strike, arguing that "[t]here's nothing here to show criminal intent" because the evidence showed that McNeal rented the equipment for a week beginning on September 18th and the deputy recovered it on September 19th. The circuit court denied the motion to strike, noting that although Workman "testified, obviously confused, that September 18 and 19 were the days that the tool went out, and [the deputy] brought it in," she nevertheless "subsequently testified . . . that [McNeal] had it for two or three months." McNeal offered no evidence.

Considering all the evidence, the circuit court concluded that although Workman "did agree with [the Commonwealth's Attorney] that she first encountered Mr. McNeal . . . on September the 18th, she testified that the item was gone for two or three months." The circuit court expressly found that the "equipment was gone for two or three months on a week's rental, and that it was returned on September the 19th." The circuit court thus held that there was "evidence sufficient for a finding of guilt" and sentenced McNeal to a three-year term of imprisonment, with one year suspended.

McNeal appealed the circuit court's judgment of conviction to the Court of Appeals of Virginia. A three-judge panel of that court reversed the circuit court's judgment and vacated McNeal's conviction. McNeal v. Commonwealth, Record No. 2171-

09-3, slip op. at 4 (July 20, 2010) (unpublished).  The Court of Appeals explained that Workman's testimony about McNeal's keeping the rented equipment for two to three months and incurring a large rental expense "conflicted with the undisputed evidence that the items were rented on September 18 and . . . returned on September 19."  Id., slip op. at 3.  Viewing these facts as " 'equally susceptible to more than one interpretation,' " the Court of Appeals concluded that the circuit court could not " 'arbitrarily adopt [the] inculpatory interpretation,' " id., slip op. at 3-4 (quoting Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998)), and that the evidence, therefore, "failed to prove beyond a reasonable doubt that McNeal did not return the brake within ten days of the expiration of the rental agreement."  Id., slip op. at 4.

The Commonwealth now appeals to this Court.  The sole issue is whether the Court of Appeals erred in concluding that the evidence was insufficient as a matter of law to sustain McNeal's conviction under Code § 18.2-118.

                              ANALYSIS

When the sufficiency of the evidence is challenged on appeal, our review is guided by well-established principles.  This Court "must examine the evidence that supports the conviction and allow the conviction to stand unless it is

                                 4

plainly wrong or without evidence to support it." Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008) (citing Code § 8.01-680 and Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998)). "[W]e review 'the evidence in the light most favorable to the Commonwealth, the prevailing party in the [trial] court' and 'accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence.' " Noakes v. Commonwealth, 280 Va. 338, 345, 699 S.E.2d 284, 288 (2010) (second alteration in original) (quoting Brown v. Commonwealth, 278 Va. 523, 527, 685 S.E.2d 43, 45 (2009)). After so viewing the evidence, the question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis omitted); accord Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). In sum, "[i]f there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial." Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).

Pursuant to Code § 18.2-118(a), "[w]henever any person is in possession or control of any personal property, by virtue of or subject to a written lease of such property, . . . and such

5

person so in possession or control shall, with intent to defraud, . . . fail to return such property to the lessor thereof within ten days after expiration of the lease or rental period . . . stated in such written lease," that person "shall be deemed guilty of the larceny" of the property.[1] McNeal asserts that the evidence was insufficient to prove beyond a reasonable doubt that he failed to return the equipment within ten days after expiration of the rental period. Like the Court of Appeals, McNeal points to the conflict between Workman's testimony that McNeal leased the equipment on September 18, 2008 for a period of one week but kept the equipment for two to three months, and the stipulation that the deputy would testify that he recovered the aluminum brake and extra handle on September 19, 2008.

Clearly, the circuit court had before it two, contradictory factual accounts: either McNeal failed to return the equipment for two or three months or the equipment was recovered one day after McNeal first rented it. As relevant to resolving this contradiction, the circuit court also heard Workman's testimony that substantial rental charges accrued as a result of McNeal's failure to return the equipment within ten days after the one-

---

[1] If such personal property is valued at $200 or more, the offense is classified as grand larceny, a felony, Code § 18.2-95(ii); if it is valued at less than $200, the offense is classified as petit larceny, a Class 1 misdemeanor. Code § 18.2-96(2).

6

week rental period expired; Workman's testimony that she spent many days, not one, attempting to contact McNeal and recover the equipment, and when her attempts proved unsuccessful, she contacted the police; and finally, Workman's concession that she was uncertain regarding the date on which the equipment was rented.

Upon considering all of Workman's testimony, the circuit court credited those parts showing that McNeal rented the equipment for a period of one week, that the equipment was not returned for several months, and that the equipment was valued at more than $200. Given Workman's admitted confusion about the date on which McNeal rented the equipment and the evidence supporting her testimony that McNeal failed to return the equipment for several months, the circuit court rejected Workman's statement that McNeal initially rented the equipment on September 18, 2008. We conclude that the circuit court was entitled to consider all the evidence and to resolve the conflict in the evidence as it did. See Williams v. Commonwealth, 278 Va. 190, 195, 677 S.E.2d 280, 283 (2009) (in making credibility determinations and factual findings, "the trial court [i]s entitled to consider all the evidence").

"The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the

7

inferences to be drawn from proven facts."  Taylor, 256 Va. at 518, 506 S.E.2d at 314 (emphasis added); accord Hamilton v. Commonwealth, 279 Va. 94, 105, 688 S.E.2d 168, 175 (2010).  That responsibility lies with the fact finder because "[t]his [C]ourt[,] sitting as an appellate court, and knowing nothing of the evidence or of the witness, except as it appears on the paper, feels itself very incompetent to decide on the credibility of the testimony."  Brown v. Commonwealth, 29 Va. (2 Leigh) 832, 841 (1830).  Furthermore, a fact finder's evaluations of credibility are not limited to choosing between competing accounts offered by different witnesses, see, e.g., Hamilton, 279 Va. at 105, 688 S.E.2d at 174-75, but often include, as in this case, resolving conflicts in a single witness' testimony, accepting that part of the testimony it deems credible and rejecting the portion it deems incredible. See Hopkins v. Commonwealth, 230 Va. 280, 293, 337 S.E.2d 264, 272 (1985).

In sum, we conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson, 443 U.S. at 319.  The circuit court's judgment finding McNeal guilty of violating Code § 18.2-

8

118 thus was not "plainly wrong or without evidence to support it."[2]  Code § 8.01-680.

## CONCLUSION

For these reasons, we will reverse the judgment of the Court of Appeals of Virginia and reinstate McNeal's conviction for violating Code § 18.2-118.

<u>Reversed and final judgment</u>.

---

[2] The specific question whether the evidence was sufficient to establish criminal intent is not before us.  Although McNeal raised the issue at trial, he did not challenge that aspect of the circuit court's judgment on brief either in the Court of Appeals or in this Court.