COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Beales and Huff
Argued at Salem, Virginia


WARREN BAILEY ANDERSON, JR.

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0611-13-3                      JUDGE ROBERT J. HUMPHREYS
                                                    MARCH 4, 2014
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                              John T. Cook, Judge

            P. Scott De Bruin for appellant.

            Elizabeth C. Kiernan, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Warren Bailey Anderson, Jr. ("Anderson") appeals his conviction for grand larceny in

violation of Code § 18.2-95 by the Campbell County Circuit Court (the "trial court").

Anderson's single assignment of error is that the evidence was insufficient to convict him of

grand larceny because the Commonwealth failed to establish that the value of the property was

$200 or greater at the time it was stolen.

        When the sufficiency of the evidence is challenged on appeal, our review is guided by

well-established principles—"[t]his Court 'must examine the evidence that supports the

conviction and allow the conviction to stand unless it is plainly wrong or without evidence to

support it.'"  Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting

Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)).  This Court's

function is not to reweigh the credibility of the evidence.  See Couture v. Commonwealth, 51

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

Va. App. 239, 248, 656 S.E.2d 425, 429-30 (2008). Rather, the relevant inquiry is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "In sum, '[i]f there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial.'" McNeal, 282 Va. at 20, 710 S.E.2d at 735 (alteration in original) (quoting Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998)). Thus, viewing the facts in the light most favorable to the Commonwealth, if any rational trier of fact could have found that the stolen property was worth $200 or more at the time it was stolen then the evidence is sufficient to support Anderson's conviction.

A conviction for grand larceny pursuant to Code § 18.2-95 requires proof that a defendant wrongfully or fraudulently took another's property valued at $200 or more, without the owner's permission, and with the intent to deprive the owner of that property permanently. See Crawford v. Commonwealth, 281 Va. 84, 109, 704 S.E.2d 107, 122 (2011). Proof that the value of the stolen goods is at least $200 "is an essential element of the crime of grand larceny, and the Commonwealth bears the burden of proving this element beyond a reasonable doubt." Britt v. Commonwealth, 276 Va. 569, 574, 677 S.E.2d 763, 765 (2008). The relevant value of the stolen property is its "current value" or "fair market value," Robinson v. Commonwealth, 258 Va. 3, 5-6, 516 S.E.2d 475, 476 (1999), which "is measured as of the time of the theft," Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997).

The Commonwealth may prove the value of the stolen property in a number of ways, "including the testimony of a lay person as to the property's fair market value, the opinion of an expert, 'or by traditional accounting principles, starting with the original cost of the item and

then factoring in depreciation or appreciation.'"  Baylor v. Commonwealth, 55 Va. App. 82, 87-88, 683 S.E.2d 843, 845 (2009) (quoting DiMaio v. Commonwealth, 46 Va. App. 755, 764, 621 S.E.2d 696, 701 (2005)).  "It is well established that 'the opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, *regardless of the owner's knowledge of property values*.'"  Burton v. Commonwealth, 58 Va. App. 274, 280-81, 708 S.E.2d 444, 447 (2011) (emphasis added) (quoting Walls v. Commonwealth, 248 Va. 480, 482, 450 S.E.2d 363, 364 (1994)); accord Snyder Plaza Props., Inc. v. Adams Outdoor Adver., Inc., 259 Va. 635, 644, 528 S.E.2d 452, 458 (2000) ("We have recognized the general rule that an owner of property is competent and qualified to render a lay opinion regarding the value of that property.").  Additionally, "[i]t is not necessary to show that [the owner] was acquainted with the market value of such property or that he is an expert on values" because "[h]e is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns.'"  Crowder v. Commonwealth, 41 Va. App. 658, 664 n.3, 588 S.E.2d 384, 387 n.3 (2003) (quoting King v. King, 40 Va. App. 200, 212-13, 578 S.E.2d 806, 813 (2003)).  "The weight of such testimony is, of course, affected by his knowledge of the value."  Haynes v. Glenn, 197 Va. 746, 750-51, 91 S.E.2d 433, 436-37 (1956) (quoting 20 Am. Jur. Evidence § 892).  However, determining "'the weight of [the owner's] testimony (which often would be trifling) [is] left to the [factfinder].'"  Id. (quoting 3 Wigmore on Evidence § 716).

Anderson was convicted of stealing a radio and the surrounding dashboard customized to fit the radio, also known as a "radio bezel,"[1] from Whitney Barker's 1982 Ford pickup truck.  At

---

[1] Barker described the "radio bezel" as "wood surrounded from the top of the dash where it goes around my clock, it's a digital clock in the very top, it goes around that . . . goes around the CD player, which it had been, you know, custom cut out for that specific deck."  Barker did not purchase a new radio enclosure, but had the existing dashboard in his 1982 truck modified to have the radio installed.

- 3 -

his bench trial, Anderson stipulated to all the elements of larceny, but he disputed that the value of the stolen property was sufficient to convict him of grand larceny. In order to convict him, the Commonwealth was required to prove that two items' combined value was equal to or greater than $200: (1) the radio itself and (2) the customized dashboard removed with the radio. On appeal, Anderson argues that the Commonwealth only established that the radio alone was worth $175-$180 a year and a half before it was stolen and the trial court improperly considered the cost of labor in finding that the $200 statutory requirement was satisfied.[2] The Commonwealth asserts that "[b]ased on the victim's contemporaneous valuation of $250 and the evidence that the radio and the dashboard ensemble was recently purchased for approximately $400, minus speakers and installation fees, the trial court could reasonably conclude that the combined value of the ensemble was worth at least $200 at the time it was stolen."

The cost breakdown of parts and labor included in the $400 original installation price is not determinative or relevant to this Court's review of the record. Rather, the resolution of this case turns upon one fact. Barker, the owner of the stolen property, testified that at the time the property was stolen, "just the CD player and that piece . . . [were worth] at least two hundred and fifty dollars." Barker was unquestionably competent to testify as to the value of his own property. Anderson was free to impeach Barker's valuation of the stolen property—to

---

[2] Relying on Lund v. Commonwealth, 217 Va. 688, 232 S.E.2d 745 (1977), Anderson argues that because the dashboard was a "custom feature" "it had no market value and its actual value must be shown." However, this case is distinguishable from Lund, and its successors Baylor and Little v. Commonwealth, 59 Va. App. 725, 722 S.E.2d 317 (2012), where the Commonwealth was required to prove "actual value" because there was "no market value" for items that could not be sold or resold. See Lund, 217 Va. at 692-93, 232 S.E.2d at 748 (finding that computer printouts had no market value); Baylor, 55 Va. App. at 89, 683 S.E.2d at 846 (assuming without deciding that because the stolen property, used catalytic converters, could not be legally resold there was no market for used catalytic converters and thus no fair market value); Little, 59 Va. App. at 731, 722 S.E.2d at 320 (finding that cell phone "demo" phones had no clear market value because they were not sold by AT&T). While the market for dashboard radio enclosures for 1982 pickup trucks may be limited, that does not mean that a market does not exist at all.

demonstrate, for example, that his valuation was improperly predicated on the cost of labor. However, determining the appropriate weight of Barker's testimony in the light of any equivocation or perceived lack of specificity was an exclusive function of the fact finder, in this case the trial court. See Haynes, 197 Va. at 750-51, 91 S.E.2d at 436-37; see also Pelletier v. Commonwealth, 42 Va. App. 406, 422, 592 S.E.2d 382, 390 (2004) ("We do not evaluate the weight of evidence on appeal; that function resides with the trier of fact.").

Considering Barker's testimony in its entirety, the trial court accepted Barker's $250 valuation and found that the Commonwealth proved that the stolen property was worth over $200. This Court "accept[s] the trial court's determination of the credibility of witness testimony unless, 'as a matter of law, the testimony is inherently incredible.'" Nobrega v. Commonwealth, 271 Va. 508, 518, 628 S.E.2d 922, 927 (2006) (quoting Walker v. Commonwealth, 258 Va. 54, 70-71, 515 S.E.2d 565, 575 (1999)). Therefore, because the record is devoid of any suggestion that Barker's testimony was "inherently incredible," we must accept the trial court's determination that Barker's testimony as to the value of the stolen property was credible. Consequently, the evidence, as accepted by the trier of fact, is sufficient to prove the value of the radio and the dashboard enclosure exceeded $200 at the time they were stolen, and thus, is sufficient to support Anderson's conviction for grand larceny. Accordingly, we affirm the trial court's conviction.

Affirmed.