# COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and O'Brien
Argued by videoconference

LENNIS L. McNAIR, JR.

MEMORANDUM OPINION[*] BY
JUDGE GLEN A. HUFF
OCTOBER 20, 2020

v.      Record No. 1299-19-1

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Christopher R. Papile, Judge

Andrew M. Sacks (Sacks & Sacks, P.C., on brief), for appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Following a bench trial, Lennis McNair ("appellant") was convicted for unlawful wounding in violation of Code § 18.2-51 and sentenced to five years' incarceration with four years and nine months suspended. Appellant contends that, because the trial court found parts of the complaining witness' version of events incredible, the trial court erred by not finding her entire testimony incredible. Appellant further contends that because the complaining witness' entire testimony was inherently incredible, the evidence is insufficient as a matter of law to sustain his conviction.

A trial court is not required to find the entirety of a witness' testimony inherently incredible as a matter of law solely because it found a portion of that witness' testimony incredible. The trial court's factual finding that appellant continued to attack the complaining

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

witness in a fit of rage after seizing control of her knife is supported by the evidence. Therefore, this Court affirms.

## I. BACKGROUND

On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672 (2004)). So viewed, the evidence is as follows:

On November 6, 2018, a Newport News police officer responded to a call where he found the victim, Kimberly Galloway, bleeding severely from her head. Further examination revealed severe lacerations to Galloway's head, left hand, and left wrist. After speaking with individuals at the scene, the police developed appellant as a suspect.

Galloway testified that she had a prior sexual relationship with appellant which included mutual drug use. According to Galloway, on the night of November 5, 2018, she noticed appellant at his old apartment. They began talking, and he agreed to pay her twenty dollars to help him move to his fiancée's home. Galloway admitted she had been using crack cocaine and drinking alcohol at the time. Galloway claimed that during the move, appellant started punching her and took the twenty dollars back. She testified that when she tried to leave, he chased her around the car. Nonetheless, she said that she decided to finish helping him move in order to get the twenty dollars.

She claimed that when they got back to his old apartment, he pulled out a knife, put it against her neck, got on top of her, and started stabbing her. She also testified that during this altercation, appellant called his fiancée and said, "I'm going to kill this bitch, and you better get me out of jail." She was eventually able to get away and run to the home of her friend, Frederick

Benjamin, who called 911. Galloway admits that her recollection of the events is not necessarily complete or in the correct order. She also has a prior perjury conviction.

According to appellant, on the way back to his old apartment, Galloway asked to stop at a house to speak with an individual to whom she owed money. When they arrived back at appellant's old apartment, two men in ski masks walked up to the car and tried to rob appellant. At the same time, Galloway pulled out a knife and she and appellant started struggling for control of the knife. Appellant contended that Galloway's forehead was cut during the struggle and while she still possessed the knife. He claimed that the injuries to her hand and wrist "most likely" occurred after he gained control of the knife because she was trying to grab it back. After gaining control over the knife, appellant blew his horn, causing the two men to run away. He then told Galloway to get out of his car and threw the knife out towards her. While driving away, appellant called Galloway's mother and told her he had stabbed Galloway because she tried to rob him. Appellant stated that Galloway received the "worse end of the deal," and got what she deserved for trying to rob and cut him.

The trial court found that Galloway's version of events was incredible and credited appellant's testimony that an attempted robbery occurred. However, the trial court stated that it did "not believe that these injuries to . . . Ms. Galloway could have occurred while they were struggling over a knife." Rather, it found that appellant was "irate in a sense" and "in a fit of rage, continued to assault and stab and cut Ms. Galloway" in retaliation after gaining control of the knife. The trial court reasoned that because appellant continued to stab Galloway after she was no longer a threat, self-defense did not apply.

The trial court acquitted appellant of the kidnapping charge, struck the malicious wounding charge, and convicted appellant of the lesser-included offense of unlawful wounding.

It sentenced him to five years of incarceration with four years and nine months suspended. This appeal followed.

## II. STANDARD OF REVIEW

"When reviewing a challenge to the sufficiency of the evidence, this Court considers the evidence in the light most favorable to the Commonwealth, the prevailing party below, and reverses the judgment of the trial court only when its decision is plainly wrong or without evidence to support it." Marshall v. Commonwealth, 69 Va. App. 648, 652-53 (2019). "[I]f there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial." Linnon v. Commonwealth, 287 Va. 92, 98 (2014) (quoting Lawlor v. Commonwealth, 285 Va. 187, 224 (2013)).

## III. ANALYSIS

Appellant argues that because the trial court found Galloway's version of events incredible, it should have found the entirety of her testimony to be incredible. Therefore, appellant argues, the trial court was obligated to accept his testimony in its entirety as the only remaining credible evidence.[1] Accordingly, appellant contends that any evidence supporting his conviction is inherently incredible as a matter of law.

Appellant is correct that the trial court found Galloway's version of the events incredible. However, that does not mean that the trial court was obligated to find each and every part of her

---

[1] The Commonwealth contends that appellant's argument is barred by Rule 5A:18 because appellant did not make the specific legal argument to the trial court that after finding a portion of Galloway's testimony incredible it was obligated to find the entirety of her testimony incredible as a matter of law. While it is true that appellant did not articulate his theory in such a pointed fashion, appellant did argue that the entirety of Galloway's testimony was incredible as well as arguing that the evidence was insufficient to convict him. This Court holds that those arguments were sufficient to preserve this issue for appeal.

testimony incredible. Furthermore, it did not obligate the trial court as a matter of law to accept the entirety of appellant's testimony. "A fact finder's evaluations of credibility are not limited to choosing between competing accounts offered by different witnesses." Commonwealth v. McNeal, 282 Va. 16, 22 (2011). It involves the fact finder "resolving conflicts in a single witness's testimony, accepting part of the testimony that it deems credible and rejecting the portion it deems incredible." Id. Furthermore, "[t]he fact finder, who has the opportunity to see and hear witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." Commonwealth v. Taylor, 256 Va. 516, 518 (1998). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" Towler v. Commonwealth, 59 Va. App. 284, 291 (2011) (quoting Corvin v. Commonwealth, 13 Va. App. 296, 299 (1991)).

To support a conviction of unlawful wounding, the evidence must establish that the appellant stabbed or cut Galloway with the intent to "maim, disfigure, disable, or kill" her. Code § 18.2-51. Appellant does not dispute that he wounded Galloway. Accordingly, appellant contests only whether he possessed the necessary intent.

Viewing the evidence in the light most favorable to the Commonwealth, there was evidence to support the trial court's finding that appellant became irate and continued stabbing Galloway after he gained control of the knife. Galloway suffered severe cuts and stab wounds on her head, hand, and wrist that were unlikely to have occurred solely in a struggle for possession of the knife. Indeed, as the trial court noted, Galloway's wounds were more likely the result of intentional action. Furthermore, in his statements after the incident, appellant continuously stated that Galloway got what she deserved and that he cut her because she tried to rob him. Despite the attempted robbery and the severity of Galloway's injuries, appellant

neglected to call either the police or emergency medical services. These facts support the trial court's finding that appellant stabbed and cut Galloway out of anger after gaining possession of the knife. Therefore, its finding is not plainly wrong or without evidence to support it.

## IV. CONCLUSION

The evidence supports the trial court's finding that appellant stabbed and cut Galloway out of anger and after gaining full control of the knife. Accordingly, the evidence is sufficient to sustain his conviction for unlawful wounding and this Court affirms.

<u>Affirmed.</u>