COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Annunziata, Frank and Petty

NYGEL TYLER GASS

MEMORANDUM OPINION*

v. Record No. 1286-21-1                                    PER CURIAM
                                                           JUNE 14, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Michael E. McGinty, Judge Designate

(Ivan D. Fehrenbach; D.R. Dansby, Ltd, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant
Attorney General, on brief), for appellee.


Counsel for Nygel Tyler Gass has moved for leave to withdraw. In accordance with *Anders v. California*, 386 U.S. 738 (1967), the motion to withdraw is accompanied by a brief referring to the part of the record that might arguably support this appeal. A copy of that brief has been furnished to Gass with sufficient time for him to raise any matter that he chooses. Gass has not filed any *pro se* supplemental pleadings.

We have reviewed the parties' pleadings, fully examined the proceedings, and determined the case to be wholly without merit as set forth below. Thus, the panel unanimously holds that oral argument is unnecessary. *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

Jeanette Greene testified that, in September 2019, she and Gass—then her fiancé—were living together at a hotel. On September 16, 2019, she "grabbed some money" and prepared to walk

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to the store. When she reached the door, Gass told her to stop and remove her clothes; Greene complied. Gass choked her with one hand while pushing her against the bathroom door with the other. He also hit her in the head several times. Gass put "a lot of pressure" on Greene's neck. When Greene reached "the point where [she] couldn't breathe," she "tap[ped] his hand to get him to release" because she "was getting ready to pass out."

Gass then stopped choking Greene and allowed her to dress. Gass began saying "mean and nasty things," and when she interrupted him, he "charged" at her and resumed striking her head. Greene ran out of the hotel and to a nearby convenience store; Gass followed her into the store. When Gass left the store, Greene went to a nearby bus stop and called the police.

After the attack, Greene's neck was "stiff" and "sore," her voice changed, and she had trouble sleeping. On cross-examination, Greene did not recall whether she had a knife on her person when the police arrived and denied cutting Gass's hand. She also stated that after Gass's arrest, a locksmith made her a key to Gass's truck, and she possessed the truck at the time of trial.

Williamsburg Police Officer Mary Beth Riggenberg responded to Greene's 911 call. Officer Riggenberg photographed Greene's head, face, and neck. The photographs showed redness on the back of Greene's neck and "very dark bruising" to the neck area just above the shoulders, as well as swelling and bruising to her left eye. Officer Riggenberg stated that she secured a knife from Greene and that she noticed a "small laceration" on Gass's hand when she and her partner arrested him.

After the Commonwealth rested its case-in-chief, Gass moved to strike, asserting that Greene's testimony was incredible. The trial court denied the motion. Gass testified in his own defense that after he told Greene that he wanted to end their relationship, she cut his hand with a knife. When he threatened to call the police, she grabbed his wallet, ran out of the room, and called the police. Gass denied choking or striking Greene or following her to the store. During

cross-examination, the Commonwealth played an excerpt from the video recorded on Officer Riggenberg's body camera. Gass acknowledged that on the video, he told the officers that he and Greene went to the store before she called the police.

At the close of all the evidence, Gass again argued that the evidence was insufficient to convict him of the charges because Greene's testimony was incredible. The trial court convicted Gass of both offenses, noting that Greene's testimony was corroborated by the injuries shown in the photographs. By final order of November 3, 2021, the trial court sentenced Gass to five years and twelve months' incarceration with four years and nineteen months suspended. Gass now appeals.

ANALYSIS

Gass contends that the trial evidence was insufficient to convict him of strangulation because Greene's testimony was inherently incredible. He does not contest that Greene's testimony, if credited, is sufficient to establish the elements of strangulation.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).

"If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the

finder of fact at the trial.'"  *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting

*Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).  "Under well-settled principles of

appellate review, we consider the evidence presented at trial in the light most favorable to the

Commonwealth, the prevailing party below."  *Vay v. Commonwealth*, 67 Va. App. 236, 242 (2017)

(quoting *Smallwood v. Commonwealth*, 278 Va. 625, 629 (2009)).  "Determining the credibility of

witnesses . . . is within the exclusive province of the [finder of fact], which has the unique

opportunity to observe the demeanor of the witnesses as they testify."  *Dalton v. Commonwealth*,

64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16

Va. App. 300, 304 (1993)).  Further, the fact finder may "resolv[e] conflicts in a single witness'

testimony, accepting that part of the testimony it deems credible and rejecting the portion it

deems incredible."  *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011).

Greene testified that Gass pushed her against the bathroom door, choked her to the point

that she believed she would pass out, and repeatedly hit her in the head.  The photographs taken

by Officer Riggenberg showed redness, bruising, and swelling to Greene's neck and head.

Having heard all the testimony, including defense counsel's attempts to impeach Greene and

Gass's testimony denying striking or choking Greene, the trial court credited Greene's testimony.

There is no basis to disturb that finding on appeal.  *See Dalton*, 64 Va. App. at 525-26.  "The

Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to

prove the elements of each offense beyond a reasonable doubt."  *Smith v. Commonwealth*, 56

Va. App. 711, 720 (2010).

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to

withdraw.  *See Anders*, 386 U.S. at 744.  This Court's records shall reflect that Nygel Tyler Gass

- 4 -

is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*