COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Athey and Chaney
Argued at Norfolk, Virginia


ANDREW STURDY

v.        Record No. 1281-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE CLIFFORD L. ATHEY, JR.
JUNE 14, 2022


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge

Charles E. Haden for appellant.

Stephen J. Sovinsky, Assistant Attorney General (Jason S. Miyares,
Attorney General; Leah A. Darron, Senior Assistant Attorney
General, on brief), for appellee.


Following a bench trial, Andrew Sturdy ("Sturdy"), was convicted of two counts of assault

and battery of a family member, third or subsequent offense, in violation of Code § 18.2-57.2.

Sturdy was sentenced to ten years with eight years and two months suspended.  On appeal, Sturdy

argues that the evidence at trial was insufficient to prove that he battered Jessica Garver ("Garver").

We disagree.

BACKGROUND[1]

Sturdy was living with his girlfriend, Garver, in October of 2020.  On October 24, they were

planning to go to Langley Speedway, but Garver advised Sturdy that she did not want to attend the

event because it may rain.  Garver's decision precipitated an argument, resulting in Sturdy choking

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Pursuant to familiar appellate principles, the evidence is summarized in the light most
favorable to the Commonwealth, the prevailing party at trial. *Gerald v. Commonwealth*, 295 Va.
469, 472-73 (2018).

and punching Garver multiple times, leaving bruises on her arm. Garver ultimately agreed to attend the event. The following day, October 25, 2020, Sturdy wanted Garver to transport him to Langley Speedway again. In response, Garver advised Sturdy that she still did not want to attend because of the rain. Once again, Sturdy attacked Garver, bashing her face into the concrete floor. Garver relented and again drove Sturdy to Langley Speedway. On both occasions, even though there were police, friends, and relatives of Sturdy and Garver at the event, Garver did not tell anyone about the altercation, and no one noticed any bruising or marks on Garver's body. Garver later testified that she did not tell police officers present at Langley Speedway on either day because she did not trust the police. She also explained that no one could see her injuries because she had long hair and was wearing a long-sleeved hoodie.

The following day, October 26, 2020, Garver complained to her mother that her neck was hurting; however, she did not inform her mother of the beatings. Garver also received text messages from Sturdy who accused her of cheating with another man. Later that same night, the police were called to their home concerning an unrelated incident and Garver failed to advise the officers of the beatings which went undetected. Finally, on October 28, 2020, Garver reported both of the beatings and her injuries to the police.

At trial, Garver testified that photographs taken by the police, which showed bruising on her arms and face, were a result of Sturdy hitting her arms and beating her face into the concrete floor. At the conclusion of the Commonwealth's evidence, Sturdy moved to strike, alleging that Garver had exaggerated the altercation with Sturdy. He argued that neither the officers who came to their home nor anyone at Langley Speedway noticed her alleged injuries. Sturdy also pointed out the delayed reporting of the incident and the failure of Garver to inform law enforcement when she first had the opportunity to do so at their home or at Langley Speedway. Citing the photographs of the

injuries and Garver's testimony, the trial court denied the motion to strike. The trial court subsequently found Sturdy guilty of both assault and battery charges.[2] This appeal followed.

ANALYSIS

Sturdy challenges the trial court's decision to deny his motion to strike and find him guilty of two counts of assault and battery based on the sufficiency of the evidence.

We review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. "Furthermore, we 'accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" *Brooks v. Commonwealth*, 282 Va. 90, 95 (2011) (quoting *Glenn v. Commonwealth*, 275 Va. 123, 130 (2008)). In a challenge to the sufficiency of the evidence, we must "examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it." *Commonwealth v. McNeal*, 282 Va. 16, 20 (2011) (quoting *Vincent v. Commonwealth*, 276 Va. 648, 652 (2008)).

Sturdy was twice convicted of assaulting and battering his live-in girlfriend, Garver, in violation of Code § 18.2-57.2. For the Commonwealth to prove that an assault occurred, it must produce evidence showing "an attempt or offer, with force and violence, to do some bodily hurt to another." *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000) (quoting *Harper v.*

---

[2] The trial court ultimately dismissed one count of strangulation in violation of Code § 18.2-51.6.

*Commonwealth*, 196 Va. 723, 733 (1955)). To prove a corresponding battery, the Commonwealth must prove a "wil[l]ful or unlawful touching." *Wood v. Commonwealth*, 149 Va. 401, 404 (1927).

Here, the trial court had the opportunity to weigh the testimony of Garver and view the photographs of her injuries. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the [trial court] who has the opportunity to see and hear that evidence as it is presented." *Sandoval v. Commonwealth*, 20 Va. App. 133, 138 (1995). While Sturdy argues that Garver exaggerated her injuries, the trial court ultimately concluded that Garver's testimony was credible. "The fact finder, who has the opportunity to see and hear the witnesses, has the *sole* responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *McNeal*, 282 Va. at 22 (quoting *Commonwealth v. Taylor*, 256 Va. 514, 518 (1998)). Considering the record in this case, the trial court was not plainly wrong in finding Garver's testimony credible, nor in rejecting Sturdy's theories and ultimately convicting him of two counts of assault and battery. *See Commonwealth v. Hudson*, 265 Va. 505, 513 (2003).

CONCLUSION

For these reasons, we affirm the decision of the trial court.

*Affirmed*.