COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Chaney
Argued at Norfolk, Virginia


DARRELL DELANO WASHINGTON

MEMORANDUM OPINION* BY
v.        Record No. 0756-22-1              JUDGE VERNIDA R. CHANEY
SEPTEMBER 12, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

Trevor Jared Robinson for appellant.

Mason D. Williams, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted Darrell Delano Washington of aggravated

sexual battery. He challenges the sufficiency of the evidence, asserting that the trial court erred by

rejecting his explanation for the presence of his DNA material on the victim's clothing. For the

reasons below, this Court affirms the trial court's judgment.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."

*Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

On the evening of December 2, 2019, Washington visited K.W., his thirteen-year-old niece, at his sister's new townhome. Washington's sister was not at home, but K.W.'s cousins, "Chris" and L.G. were there. Upon Washington's arrival, he followed K.W. to her bedroom and announced he had brought a projector for her to use. Washington entered the bedroom, set up the projector, and played the movie *Spiderman*. When Washington entered the bedroom with the projector, thirteen-year-old L.G. was already asleep on a mattress on the floor. After the movie, K.W. laid next to L.G. on the mattress, pulled a blanket over her, and fell asleep as Washington watched pornography on the projector.

Between 2:00 and 3:00 a.m., L.G. felt movement around her feet and awakened. K.W., a self-described "deep sleeper," was still asleep. L.G. saw Washington was "on his knees" at the foot of the mattress; he told L.G. he was "looking for a container . . . a plastic bowl." L.G. began looking for the bowl and roused K.W. to solicit her help. When K.W. awoke, however, she realized that her pants, her "tight fitting" shorts over her pants, and her underwear were below her knees. K.W. yelled, "Why is [sic] my pants down?" She saw Washington on his knees next to her. K.W. pulled up her clothes, swore at Washington, and demanded that he leave the house.

Washington exited the bedroom, but he remained outside the door. After telling him again to leave the house, K.W. entered the bathroom and examined her body. When she checked her buttocks in the mirror, she saw "white clear stuff," "between [her] butt trailing down." She wiped herself with tissues, discarded them in the bathroom trashcan, and pulled up her pants.

K.W. reported the incident to her mother the next day after school. Her mother took her to the hospital, where a physical examination was performed and Detective Siegel interviewed her. At Detective Siegel's request, K.W. and her mother collected the clothes she was wearing during the incident, her comforter, and the contents of her bathroom trashcan. They bagged the items and provided them to Detective Siegel on December 4, 2019.

Forensic analysis determined that male DNA material was on the waistband of K.W.'s shorts and spermatozoa were "outside back right cheek" of the shorts. Forensic scientist Jessica Posto developed a "DNA profile" from the spermatozoa on the shorts and compared it to Washington's DNA sample. Posto concluded Washington could not be eliminated as a contributor to the spermatozoa and "the probability of randomly selecting an unrelated individual with a DNA profile matching that developed from the sperm . . . [wa]s 1 in greater than 7.2 billion, . . . approximately the world population in the Caucasian, African American, and Hispanic populations."

Washington testified in his own defense. He did not dispute that his DNA and sperm were on K.W.'s shorts, but he maintained that he deposited them on clothing discarded by K.W. Washington stated that, during his visit to K.W.'s home, he entered the bathroom at approximately 2:00 a.m. According to Washington, K.W. had showered in the bathroom earlier and had left her shorts and underwear on the floor. He claimed that he masturbated in the bathroom and "ejaculated onto the shorts." Afterward, Washington wiped the semen from his penis with some tissues and placed the soiled tissues in the trashcan. Washington stated that, after he left the bathroom, he returned to "the room" and ran "diagnostics" on his computer. Washington claimed that after K.W. visited the bathroom again, she was "yelling and screaming" about "what [Washington] had done" with her shorts. K.W. demanded that Washington collect his belongings and leave the house.

At the conclusion of the evidence, Washington argued that K.W.'s testimony was not credible. The trial court rejected his argument, finding that K.W.'s and L.G.'s accounts were "quite consistent" and that Washington's "explanation [was not] credible at all." Accordingly, the trial court convicted Washington of aggravated sexual battery. Washington appeals.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Washington asserts that the evidence was insufficient to support his conviction for aggravated sexual battery[1] because "the totality of the evidence clearly demonstrated [his] innocence." He maintains that the trial court erred by rejecting his "very detailed" explanation for the presence of his DNA on K.W.'s clothing. We disagree.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."

---

[1] Code § 18.2-67.3(A)(2) provides that "[a]n accused shall be guilty of aggravated sexual battery if he . . . sexually abuses the complaining witness, and . . . [t]he act is accomplished through the use of the complaining witness's mental incapacity or physical helplessness." Code § 18.2-67.10(6)(a) defines "sexual abuse" as "an act committed with the intent to sexually molest, arouse, or gratify any person, where . . . [t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts."

*Elliott v. Commonwealth*, 277 Va. 457, 462 (2009). This Court gives "deference to the fact finder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." *Id.* Thus, this Court must accept "the trial court's determination of the credibility of witness testimony unless, 'as a matter of law, the testimony is inherently incredible.'" *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006) (quoting *Walker v. Commonwealth*, 258 Va. 54, 70-71 (1999)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald v. Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

"The fact finder, who has the opportunity to see and hear the witnesses, has the *sole* responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (quoting *Taylor v. Commonwealth*, 256 Va. 514, 518 (1998)). Although K.W.'s testimony did not require corroboration to be credible, a rational fact finder could find that her account was corroborated by independent evidence. *See Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005) ("[A] conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim.").

K.W. testified that Washington was watching pornography in her bedroom when she fell asleep. Later that night, she awoke to find him kneeling near her and her pants and underwear pulled down. L.G. corroborated K.W.'s testimony, confirming that Washington was moving around them in the middle of the night as he purportedly searched for a plastic bowl. Immediately after K.W. awakened, she found "white clear stuff" between her buttocks. Consistent with that discovery, forensic analysis determined that Washington's sperm and DNA were on the back of her shorts. Although Washington maintained that he deposited his sperm on

the shorts when K.W. was not wearing them, the trial court reasonably rejected Washington's self-serving explanation and was entitled to conclude that he was "lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).  Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that Washington was guilty of aggravated sexual battery.

CONCLUSION

For the foregoing reasons, this Court affirms the trial court's judgment.

*Affirmed*.