COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, Athey and Fulton
Argued at Lexington, Virginia


CALEB RASHAAD NOWLIN

v.      Record No. 1691-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE GLEN A. HUFF
NOVEMBER 8, 2023


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

Charles F. Felmlee (Chuck Felmlee Law, P.C., on brief), for
appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Following a bench trial in the Campbell County Circuit Court (the "trial court"), Caleb

Rashaad Nowlin ("appellant") was convicted of raping a child under the age of 13, in violation of

Code § 18.2-61. The trial court sentenced appellant to 40 years' incarceration with all but 10 years

suspended. On appeal, appellant argues that the trial court erred in finding the evidence sufficient to

sustain his conviction. For the following reasons, this Court affirms the trial court's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

When S.M. was four years old, her father began dating appellant's mother.[2] For several years, S.M. lived with her father and appellant's mother in their North Carolina home, where appellant frequently visited. In October 2019, S.M., her father, and appellant's mother moved to Campbell County, Virginia. Appellant followed them to Campbell County in December of that year.

S.M.'s relationship with appellant was initially "like brother [and] sister," but changed when she turned 11 years old. At that time, appellant had a conversation with S.M. in which he told her that she was his "girlfriend." S.M. did not want to be his girlfriend. Appellant also wrote numerous letters to S.M., wherein he proclaimed his love, complimented her, and reminisced about their relationship. This inappropriate behavior towards S.M. started in North Carolina and continued after the move to Campbell County.

One day during S.M.'s sixth grade school year, she was alone with appellant in her father's Campbell County home.[3] She was playing a board game by herself in appellant's bedroom when appellant suddenly entered the room, pushed S.M. down onto his bed, and began to take her pants off. He then flipped S.M. onto her stomach, removed his pants, and put his penis inside her vagina. S.M. attempted to get away, but appellant continued to push her onto the bed, telling her to "shut

---

[1] On appeal, this Court recites the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, this Court "discard[s] the evidence of the accused in conflict with that of the Commonwealth, and regard[s] as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[2] S.M. was born in March 2007. This Court refers to the child victim here by her initials in an attempt to protect her privacy.

[3] While S.M. could not remember the exact date of the assault, she was certain it occurred while she was in sixth grade and that she turned 12 years old in the spring of that school year.

up." S.M. "blacked out" and could not remember the rest of the assault. As S.M. later recounted at trial, appellant had sexually assaulted her on both prior and subsequent occasions.

In May 2021, S.M.'s mother found love letters in S.M.'s room written to S.M. from appellant. She confronted S.M. about the letters before contacting law enforcement. Campbell County Sheriff Investigator Guthrie interviewed appellant, who admitted to writing the letters. He told Investigator Guthrie that he wanted to induce S.M. to fall in love with him as revenge for perceived mistreatment of his mother by S.M.'s father. When confronted with S.M.'s allegations of sexual assault, appellant responded that "whatever the evidence shows, . . . that's what it is."

Appellant's defense at trial rested on the inconsistencies between S.M.'s statements and the timeline of offenses presented by the Commonwealth. He moved to strike the Commonwealth's evidence, arguing that it was insufficient to sustain a conviction because S.M. could not remember her exact age when the rape occurred. The trial court denied appellant's motion, but took the matter under advisement before making a final ruling in the case. The trial court later determined that the evidence was sufficient and that S.M.'s testimony was credible despite its inconsistencies. The court then convicted appellant of rape under Code § 18.2-61 and sentenced him to 40 years' incarceration with all but 10 years suspended. This appeal followed.

## ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Appellant argues that the Commonwealth's evidence was insufficient to sustain a conviction because it did not prove the alleged offense occurred in Virginia. S.M. asserted that the rape occurred while she was in sixth grade, at which time appellant contends he still lived in North Carolina. He claims that S.M.'s testimony thus demonstrates that the offense could not have occurred in Campbell County, Virginia, while she was under the age of 13 because he did not move there until the following year. Accordingly, appellant argues that the Commonwealth's evidence established a set of inconsistent facts—that the sexual assault occurred during S.M.'s sixth grade year and that appellant did not live at the Campbell County address during that time—which cannot support his conviction. This Court disagrees.

A reviewing court "must accept the '[fact finder]'s determination of the credibility of witness testimony unless, "as a matter of law, the testimony is inherently incredible.""" *Hammer v. Commonwealth*, 74 Va. App. 225, 239 (2022) (quoting *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019)); *see also Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019) (holding that any "'inconsistencies in testimony are resolved by the fact finder,' not the appellate court" (quoting *Towler v. Commonwealth*, 59 Va. App. 284, 292 (2011))). Furthermore, a fact finder's evaluations of credibility are not limited to choosing between competing accounts offered by different witnesses. *See, e.g.*, *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010). Rather, the fact finder is often called to resolve conflicts within a single witness's testimony, as in the case at hand, which includes the power to accept the parts of the testimony deemed credible and reject the portions

deemed incredible. *See Commonwealth v. McNeal*, 282 Va. 16, 22 (2011). Here, the trial court—sitting as trier of fact—determined that S.M.'s testimony was credible and that any perceived inconsistencies were not fatal to the Commonwealth's case. This Court finds no basis in the record for overturning that ruling.

S.M. consistently testified that the rape occurred in her father's home in Campbell County, Virginia. She was also consistent in her testimony that the rape occurred before she was 13 years old.[4] It was uncontested that between December 2019 and March 2020, appellant lived in Campbell County, and that S.M. was 12 years old. The record reflects that S.M. would have been in sixth grade for the 2018-2019 school year but would likely have been in seventh grade during the events she described. Nevertheless, she remained under the age of 13 until March 2020. The trial court was free to resolve the conflict in the evidence regarding which grade she was in at the time of the offense without having to find S.M.'s testimony incredible. *See McNeal*, 282 Va. at 21-22. The trial court also found that appellant's love letters and statements to Investigator Guthrie corroborated S.M.'s testimony regarding her age at the time of the rape.

In addressing the inconsistency in S.M.'s testimony, the trial court acknowledged that a fifteen-year-old witness will "say some things that are a little bit different" on cross-examination, but noted that S.M. "clearly said under oath she was under thirteen" and "there was nothing to contradict [her]."[5] *See Kelley*, 69 Va. App. at 626 ("Testimony may be contradictory or contain inconsistencies without rising to the level of being inherently incredible as a matter of law.").

---

[4] Appellant asserts that, during cross-examination, S.M. was unable to remember her exact age at the time of the offense. That statement, however, is not inherently inconsistent with her continuing assertion that she was under the age of 13—that age threshold being the relevant factor in the trial court's consideration of appellant's guilt pursuant to Code § 18.2-61.

[5] The court ruled similarly at a later hearing, indicating that it was "not surprising" that the testimony of a 15-year-old girl might have "some inconsistencies." S.M. was 15 years old when she testified at trial.

Moreover, the trial court found that "there was clearly opportunity for [the offense] to [have occurred] in Campbell County" during one of appellant's frequent visits to S.M.'s Virginia home, regardless of when appellant officially changed his own address. Considering the totality of the evidence and the trial court's findings, this Court cannot say that no rational fact finder could have found appellant guilty under Code § 18.2-61 for raping a child under the age of 13.

## CONCLUSION

For the reasons stated above, the judgment of the trial court is affirmed.

*Affirmed.*